UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CCT ENTERPRISES LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-cv-00390-HAB-SLC |
| | ) |
| **TRAILBLAZER FIREARMS LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On September 12, 2023, Defendant Trailblazer Firearms LLC, removed this action to this Court from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Defendant's allegations in the notice of removal pertaining to the citizenship of Plaintiff CCT Enterprises LLC, however, are deficient.

As Defendant acknowledges, the citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Defendant recites in the notice of removal that "[u]pon information and belief, none of CCT Enterprises LLC's members are domiciled in North Carolina," where the three members (Aaron Voigt Christopher Hykin, and Jeffrey Hykin) of Defendant Trailblazer Firearms LLC, are domiciled. (ECF 1 ¶¶ 8, 10-13).

However, a "naked declaration that there is diversity of citizenship is never sufficient." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court must be advised of

the identity and citizenship of each member of an LLC for purposes of determining whether diversity jurisdiction exists. *See, e.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner of a partnership for diversity jurisdiction purposes). In turn, for any member who is an unincorporated association such as an LLC or partnership, Defendant must trace the citizenship of Plaintiff's members through all applicable layers of ownership to ensure that no member shares a common citizenship with Defendant. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). It has not yet done so. Therefore, Defendant is AFFORDED to and including October 2, 2023, to FILE a supplemental jurisdictional statement that adequately alleges Plaintiff's citizenship(s) for diversity jurisdiction purposes.

SO ORDERED. Entered this 18th day of September 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge