UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CCT ENTERPRISES LLC,** | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:23-cv-00390-HAB-SLC |
| **TRAILBLAZER FIREARMS LLC,** | ) |
| Defendant. | ) |

## OPINION AND ORDER

On September 18, 2023, the Court ordered Defendant to file a supplemental jurisdictional statement, and it has now done so. (ECF 5, 6). Defendant's allegations in that statement pertaining to the citizenship of Plaintiff CCT Enterprises LLC for purposes of diversity jurisdiction, however, are still inadequate.

In alleging Plaintiff's citizenship, Defendant relies on two Business Entity Reports filed by Plaintiff with the Indiana Secretary of State in September 2020 and September 2022, in which Plaintiff identifies Benjamin Nagel as its "Principal" and "President" with an address in Auburn, Indiana. (ECF 6 ¶¶ 7-13; ECF 6-2; ECF 6-3). This information, however, is inadequate to establish Plaintiff's citizenship for purposes of diversity jurisdiction. The Business Entity Report does not ask that all of the members of an LLC be identified on the Report, and thus, it is possible that Plaintiff has other members than Nagel.

The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity and citizenship of *each* member of an LLC for purposes of determining whether diversity jurisdiction exists. *See, e.g.*, *Guar.*

*Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner of a partnership for diversity jurisdiction purposes). In turn, for any member who is an unincorporated association such as an LLC or partnership, Defendant must trace the citizenship of Plaintiff's members through all applicable layers of ownership to ensure that no member shares a common citizenship with Defendant. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the party seeking to invoke federal diversity jurisdiction by removing this case to federal court, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). It has still not done so. Therefore, Defendant is AFFORDED to and including October 17, 2023, to FILE an amended supplemental jurisdictional statement that adequately alleges Plaintiff's citizenship for diversity jurisdiction purposes.

SO ORDERED.

Entered this 3rd day of October 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge